IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Criminal Action No. 15-21-1 RGA |
| CORY D. FOSTER, | |
| Defendant. | |
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Criminal Action No. 15-21-2 RGA |
| LAWRENCE PAYTON, | |
| Defendant. | |

MEMORANDUM ORDER

Presently before the Court are Motions in Limine submitted by Defendant Payton (D.I. 54) and the Government (D.I. 56).[1] The Court heard argument on the motions at the pretrial conference held on April 8, 2016 and Defendant Foster indicated his intent to join in the motions submitted by Defendant Payton.

Together, the motions essentially raise five distinct issues, two of which the parties were able to reach an agreement on.  First, the Government moves for the Court to permit the impeachment of both Defendants with their prior felony convictions, pursuant to Federal Rule of

---

[1] Defendant Payton's motions are separately briefed. (D.I. 55).  The Government's brief is included in the same docket item as its motion.  (D.I. 56).

Evidence 609(a)(1)(B), should they choose to testify.  (D.I. 56 at 5–9).  Neither Defendant

opposed this motion in writing.  At the pretrial conference, both Defendants indicated that they

do not oppose the motion.  Accordingly, this motion is **GRANTED WITHOUT OBJECTION**.

Second, the Government moves to admit evidence that the silver Honda Accord involved

in this case was stolen from an armed robbery of a business on December 7, 2014.  (D.I. 56 at

14–16).  The Government intends to do so by eliciting testimony from the car's owner, who will

also testify that when stolen, the vehicle did not contain a loaded rifle, a pair of gloves, or rolls of

duct tape.  (*Id.* at 14).  Defendants do not object to testimony that the silver Accord was stolen on

December 7, 2014, but object to introducing evidence that it was stolen during the course of an

armed robbery and to any mention of Delaware State Police ("DSP") officers considering the

vehicle's occupants to be armed and dangerous as a result of the armed robbery.  (*Id.* at 14).  At

the pretrial conference, the Government raised a concern that DSP officers' knowledge that the

vehicle was stolen from an armed robbery and was flagged as potentially having armed and

dangerous occupants would be relevant if, at trial, Defendants suggested inappropriate behavior

(*i.e.*, excessive force) on the part of the police officers.  Counsel for both Defendants indicated

that they did not intend to elicit evidence or otherwise make arguments that would suggest an

inappropriate police response.  The parties' agreement on this point, which seems reasonable to

me, will govern.  With this understanding, the parties came to an agreement on this motion at the

pretrial conference.  Defendants agreed that the Government could present testimony from the

vehicle's owner indicating that it was stolen on December 7, 2014 and that the vehicle did not

contain a loaded rifle, duct tape, or gloves when stolen.  The Government agreed that it would

not present testimony that the vehicle was stolen during an armed robbery or that DSP officers

thought its occupants may be armed and dangerous in February 2016 as a result of the armed

robbery. Accordingly, there is no need to rule on the motion at this time. The parties are **DIRECTED** to comply with their agreement.

The third issue, raised by both parties, concerns whether the Government will be able to present evidence of the events occurring on February 5, 2015, the day before both Defendants were arrested. (D.I. 55 at 3–5; D.I. 56 at 9–14). The Government argues that it should be able to introduce testimony concerning the events occurring on February 5, in order to suggest that Defendants may have been casing stores in the Branmar Plaza Shopping Center for a potential robbery. (D.I. 56 at 9–12). The Government contends that this is "other acts" evidence under Federal Rule of Evidence 404(b), which is relevant to 1) complete the story, 2) provide a motive for Defendants' gun possession, and 3) rebut the Defendants' innocent explanations negating intent. (*Id.* at 9–10). Defendant Payton argues that "Evidence involving two unknown individuals inside this same vehicle on the day before Mr. Payton's arrest has absolutely no relevance to whether or not Mr. Payton possessed the rifle found in that vehicle on the day in question." (D.I. 55 at 4). In the alternative, Defendant Payton argues that even if the Court were to deem the evidence relevant, it should be excluded under Federal Rule of Evidence 403 for creating a risk of unfair prejudice that substantially outweighs its probative value. At the pretrial conference, Defendant Payton asserted that the Third Circuit's recent decision, in *United States v. Steiner*, 2016 WL 827989 (3d Cir. Mar. 3, 2016), held that providing helpful background information to the factfinder is not a proper purpose under Rule 404(b).

Indeed, in *Steiner*, the Third Circuit clarified that providing background information is only a proper Rule 404(b) purpose in conspiracy cases or other complex matters that are not "straightforward and easily understood without reference to facts that do not bear on the charged offense . . . ." *Steiner*, 2016 WL 827989, at \*4–6. The Third Circuit explained that labeling

3

evidence as "background" under Rule 404(b) "'is uninformative at best and, at worst, can be an unacceptable substitute for the analysis required by Rule 404(b).'" *Id.* at *5 (quoting *United States v. Echeverri*, 854 F.2d 638, 644 (3d Cir. 1988)).  Thus, in *Steiner*, the Third Circuit concluded that the district court erroneously allowed the Government to introduce evidence of the fact that a warrant had issued for the defendant's arrest on an unrelated charge. *Id.* at *1–6.  However, the Third Circuit also indicated that providing background evidence to "complete the story" may be a proper purpose "insofar as the prior-act evidence [] serve[s] to complete the story *of the crime charged*." *Id.* at *5 (emphasis added).

In order to be admissible under Rule 404(b), other acts evidence "must (1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it." *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010).  "A proper purpose is one that is probative of a material issue other than character.  The evidence must fit into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged." *Id.* at 250 (citation and internal quotation marks omitted).  "[U]nless the reason is apparent from the record, a mere list of purposes found in Rule 404(b) is insufficient.  Indeed, the district court must put a chain of inferences into the record, none of which is the inference that the defendant has a propensity to commit this crime." *Steiner*, 2016 WL 827989 at *4 (footnote and internal quotation marks omitted).

The events of February 5, 2015, for which the Government indicates it will offer testimony, include two civilian witnesses ("CWs") seeing a silver Honda Accord with two black male occupants sitting for a period of time in the parking lot of the Branmar Plaza Shopping Center, "just sitting [there], like scoping out."  (D.I. 47 at 2 (quoting Def. Ex. 2 at 1)).  The CWs

4

called the police to report the suspicious behavior and followed the vehicle to obtain its license

plate number. (*Id.* at 2). DSP officers later discovered that the vehicle was reported stolen.

(*Id.*). The following day, February 6, 2015, a DSP trooper saw the same vehicle in the same

shopping center, again with two black male occupants "who appeared to be feverishly looking

about" the shopping center. (D.I. 46 at 12–14). After retreating to call for backup, DSP officers

approached the vehicle, found one of its occupants with a gun on his person standing outside of

the vehicle, and found a loaded rifle inside the vehicle. (D.I. 47 at 3–4). The foregoing facts,

taken together, allow for a chain of inferences supporting the Government's theory that on the

day of the arrest, the occupants of the silver Honda Accord were casing businesses in Branmar

Plaza to commit a robbery. Numerous courts of appeals, including the Third Circuit, have

concluded that Rule 404(b) other acts evidence is admissible to show motive in § 922(g)(1)

cases, especially where a defendant's knowing possession of the firearm is at issue. *See, e.g.*,

*United States v. Lee*, 612 F.3d 170, 187–88 n. 19 (3d Cir. 2010) ("In a [§ 922(g)(1)] case like

this, where [Defendant] is asserting that he never had a gun on the day in question, it is important

to know that he had a personal motivation to possess a gun."). Accordingly, testimony

concerning the events of the day before the arrests is admissible for the proper Rule 404(b)

purpose of proving motive, because it establishes a potential reason for Defendants to each

possess a firearm. *See* FED. R. EVID. 404(b)(2). Furthermore, this evidence is relevant because it

tends to prove the "casing businesses" motive, which in turn makes it more likely that

Defendants each possessed a firearm on February 6, 2015. *See* FED. R. EVID. 401(a).[2]

---

[2] Moreover, to the extent evidence of events occurring on February 5 provides helpful background by "completing the story," it serves to complete the story of the crime charged, rather than an unrelated incident that would only serve to show propensity. The Third Circuit implicitly suggested that allowing evidence to complete the story of the crime charged, as allowed in *Green*, is a proper Rule 404(b) purpose. *See Steiner*, 2016 WL 827989, at *5. To be clear, however, if the only proper evidentiary purpose was "completing the story," the argument for admission under Rule 403 would be considerably weaker.

While there is some risk of unfair prejudice to Defendants, the Court does not find that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice or misleading the jury. *See* FED. R. EVID. 403. An element of the crime that the Government must prove in order to establish a violation of 18 U.S.C. § 922(g)(1) is that "the defendant knowingly possessed the firearm." *United States v. Higdon*, 638 F.3d 233, 239–40 (3d Cir. 2011). Because there does not appear to be any direct evidence connecting Defendant Payton to the firearm he is accused of possessing, showing that he had a reason to possess a firearm is highly probative, if not crucial, to the Government's case. *See United States v. Driggs*, 823 F.2d 52, 54 n.2 (3d Cir. 1987) ("A legitimate part of the balancing analysis undertaken pursuant to Rule 403 involves evaluating the presence or absence of a genuine need of the evidence in question."); *see also Lee*, 612 F.3d at 187–88 n.19. Defendant Payton argues that this evidence is unfairly prejudicial primarily because the testimony about the day before his arrest will never identify him personally[3] and involves some deal of speculation about whether anyone was actually planning a robbery, because a robbery never occurred. (D.I. 55 at 4–5). Based on my understanding of the expected evidence, there is a strong circumstantial inference that the Defendants were planning a robbery. It is not, however, ironclad. Thus, Defendants' points go to the weight that a jury may accord this evidence, rather than its admissibility, and defense counsel are free to raise their issues on cross-examination. Lastly, the Court does intend to give a limiting instruction as to how evidence of events on February 5, 2015 may be used. The Government is **DIRECTED** to submit proposed language for such a limiting instruction at its earliest opportunity. Accordingly, the Government's motion to admit evidence of events

---

[3] In a previous decision, this Court suppressed any evidence of the CW's identification of Defendant Payton as the individual the CW saw on February 5 and precluded any in-court identification. (D.I. 47 at 11–15). The Court did state, however, that "there is no constitutional reason that would prevent the CW from testifying that the man he saw the first day had a beard and dark-frame glasses." (*Id.* at 15 n.12).

6

occurring on February 5, 2015 (D.I. 56 at 1, 9–14) is **GRANTED**, while Defendants' motion to exclude such evidence (D.I. 54 at 2) is **DENIED**.

The fourth issue, again raised by both parties, is whether physical evidence recovered from inside the silver Accord on February 6 is admissible. Defendant Payton only objects to the admission of the duct tape and gloves found in the vehicle, and not the rifle, arguing that they are not relevant to whether or not he was in possession of the rifle. (D.I. 55 at 5–6). The Government argues that the duct tape and gloves are relevant to show Defendants' motive for possessing guns, supporting its theory that Defendants possessed the guns because they were plotting to commit a robbery. (D.I. 56 at 17). The Court has little trouble concluding that these items are relevant, because they were discovered simultaneously with the loaded rifle inside of the silver Accord and plausibly support the Government's theory that Defendants were planning to commit an armed robbery.[4] These items are relevant because they make the Government's asserted motive for Defendants' possession of the guns more likely. Under Rule 401's broad relevance standard, this is sufficient. Although Defendants did not raise Rule 404(b) with regard to the gloves and duct tape, the analysis would be the same as discussed above, in that the evidence is presented to prove motive, specifically Defendants' intent to commit a robbery, which is a proper purpose under Rule 404(b). Accordingly, the Court will **GRANT** the Government's motion to admit the duct tape and gloves found in the car as physical evidence (D.I. 56 at 16–18) and will **DENY** Defendants' motion to exclude these items (D.I. 54 at 2).

The fifth issue, raised by the Government and Defendant Payton, is whether to allow testimony that Defendant Payton gave a false name and date of birth to the police upon being

---

[4] Of course, as both defense counsel pointed out at the pretrial conference, a planned armed robbery is not the only inference that can be drawn from the presence of duct tape and gloves in a vehicle. Again, these arguments go the weight of the evidence rather than its admissibility.

stopped. Shortly after being handcuffed and placed in the back of Cpl. McColgan's police cruiser, on the ride to Branmar Plaza for a show up, Defendant Payton gave Cpl. McColgan his name and date of birth. (D.I. 46 at 136). Cpl. McColgan later discovered that the name and date of birth Defendant Payton gave him were false. (*Id.* at 136–37). Defendant Payton told Cpl. McColgan that he lied because he had an outstanding warrant for a violation of probation for a crime involving a stolen vehicle. (*Id.* at 137). Defendant Payton argues that his use of a fake name amounts to uncharged conduct, constituting inadmissible prior bad acts or other crimes under Rule 404(b). (D.I. 55 at 6). He further argues that his statements should be excluded under Rule 403. (*Id.* at 7). The Government argues that Defendant Payton's attempt to conceal his identity with a false name demonstrates consciousness of guilt and provides evidence suggesting that he was aware of the loaded firearm in the car. (D.I. 56 at 18).

Rule 404(b) allows for the admission of other act evidence to demonstrate a defendant's state of mind. *See United States v. Levy*, 865 F.2d 551, 558 (3d Cir. 1989) (en banc). Indeed, the Third Circuit has specifically held that "defendants' attempt to conceal their true identities by providing aliases to the police upon arrest is relevant as consciousness of guilt." *Id.* Several courts of appeal have allowed evidence that a defendant gave a false name to police officers upon being arrested in § 922(g)(1) cases. *See, e.g., United States v. Weaver*, 610 F. App'x 539, 542 (6th Cir. 2015) ("[Defendant's] attempt to evade the police's attention by concealing his identity with a false name is relevant as evidence that he was aware of unlawfully possessing a loaded firearm."). Thus, allowing evidence that Defendant Payton gave Cpl. McColgan a false name shortly after being stopped is proper to show state of mind under Rule 404(b) and relevant to show consciousness of guilt. Furthermore, the Court finds that the probative value of the false name evidence is not substantially outweighed by a danger of unfair prejudice, especially

8

considering the importance of this evidence to the Government's case, in light of the lack of direct evidence that Defendant Payton possessed the firearm. *See United States v. Driggs*, 823 F.2d 52, 54 n.2 (3d Cir. 1987).

Although it does not appear that the Government is seeking to admit such evidence, the Court also understands Defendant Payton's motion to be requesting the exclusion of his statement that he was wanted in another jurisdiction in connection with a stolen vehicle. (D.I. 55 at 7–8). The probative value of these additional details is substantially less and the likelihood of unfair prejudice from allowing the jury to hear the admission of a previous theft crime is considerable, particularly in light of the evidence that the Honda Accord was a stolen vehicle. Thus, the Government is limited to presenting testimony that Defendant Payton gave a false name and date of birth shortly after being taken into custody. Accordingly, the Court will **GRANT** the Government's motion to admit evidence that Defendant Payton gave a false name and date of birth (D.I. 56 at 18–20) and **GRANT-IN-PART** and **DENY-IN-PART** Defendant Payton's motion to exclude his statements to law enforcement officers, as delineated above (D.I. 54 at 3). The Government is also **DIRECTED** to submit a proposed limiting instruction corresponding to this evidence.

It is SO ORDERED this 18 day of April, 2016.

Richard G. Andrews

United States District Judge